# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: <br><br> LAWRENCE T. MASICLAT and <br> MYLENE MASICLAT, <br><br> Debtor(s) | <br><br><br> Case No. 1:16-bk-23482 |
| LAWRENCE T. MASICLAT and <br> MYLENE MASICLAT, <br><br> Plaintiffs <br><br> v. <br><br> PERITUS PORTFOLIO SERVICES II, <br> LLC / WOLLEMI ACQUISITIONS, LLC <br><br> Defendant | Chapter 13 <br><br> Honorable Jack B. Schmetterer <br><br><br> Adversary No. 1:20-ap-_____ |

## ADVERSARY COMPLAINT

**NOW COME** Plaintiffs, LAWRENCE T. MASICLAT and MYLENE MASICLAT ("Plaintiffs"), through undersigned counsel, complaining of Defendant, PERITUS PORTFOLIO SERVICES II, LLC / WOLLEMI ACQUISITIONS, LLC ("Defendant") as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this action arises under 28 U.S.C. § 1334 and §§ 157(b) and (c). Plaintiffs assert claims against Defendant for violations of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiffs' claims occurred in this district. Plaintiffs filed for

bankruptcy protection in this district, Defendant participated in Plaintiffs' bankruptcy in this district, and Defendant transacts business in this district.

3. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiffs state that to the extent the Court determines that any portion of this complaint is non-core, Plaintiffs consent to the entry of final orders or judgment in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.  Further, to the extent that any court determines that the Bankruptcy Court does not have the authority to enter a final judgment on any cause of action set forth herein, Plaintiffs request that the Bankruptcy Court issue a report and recommendation for a judgment to the United States District Court for the Northern District of Illinois on any such cause of action.

## FACTUAL ALLEGATIONS

4. Prior to Plaintiffs' bankruptcy filing, Plaintiffs and Chrysler Capital entered into a Motor Vehicle Retail Installment Contract whereby a security interest was created in favor of Chrysler Capital in the following property: 2014 Jeep Wrangler, VIN # 1C4HJWDG2EL177245 (the "Vehicle").

5. On January 28, 2015, Plaintiffs filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

6. The schedules filed by Plaintiffs included Chrysler Capital on Schedules D: Creditors Holding Secured Claims.

7. Plaintiffs did not reaffirm this debt.

8. On May 5, 2015, Plaintiffs were granted a discharge under Section 727, Title 11, United States Code.

9. Under 11 U.S.C. § 1328(f), a debtor may not obtain a Chapter 13 discharge in a bankruptcy filed within two years of filing an earlier Chapter 13 petition that resulted in a discharge, or within four years of filing an earlier Chapter 7, 11, or 12 petition that resulted in a discharge.

10. 11 U.S.C. § 1328(f) never mentions the word "filing," speaks only of "discharge," and does not purport to limit the eligibility provisions of 11 U.S.C. § 109(e). Therefore, the plain language of 11 U.S.C. § 1328(f) does not prohibit a debtor who is ineligible for a discharge from filing a Chapter 13 petition.

11. On July 21, 2016, Plaintiffs filed a voluntary petition for relief under Chapter 13, Title 11, United States Code.

12. The Vehicle was listed on the Plaintiffs' Schedule B, and Chrysler Capital was listed on Plaintiffs' Schedule D.

12. On July 24, 2016, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 13 Bankruptcy Case by first class mail or electronic transmission to Plaintiffs' creditors, including Chrysler Capital.

13. On August 9, 2016, Santander Consumer USA, Inc. d/b/a Chrysler Capital filed a proof of claim (Claim 3-1) in amount of $24,467.76.

14. Plaintiffs' Modified Chapter 13 Plan, dated November 14, 2017, was confirmed on November 15, 2017 (the "Confirmed Plan").

15. The Confirmed Plan states, in part:

**Special Terms** *[as provided in Paragraph G]*

1. Debtor[s are] cramming down the balance owed to Chrysler Capital relating to the 2014 Jeep Wrangler to its fair market value of $24,000.00. Any balance owed to Chrysler Capital that exceeds the market value of $24,000.00 shall be treated as a general unsecured non-priority claim.

16. The Order Confirming Plan was not appealed. Accordingly, the Order Confirming Plan is a final order.

17. On July 10, 2018, Santander Consumer USA, Inc. filed its Notice of Transfer of Claim [Dkt. #69].

18. The Notice was filed under Fed R. Bankr. P. 3001(e)(2), which requires a transferee of a claim transferred after a proof of claim has been filed to file evidence of the transfer.

19. Plaintiffs successfully completed plan payments in accordance with the Confirmed Plan.

20. The Chapter 13 Trustee disbursed $24,000.00 in principal payments and $962.12 in interest payments from August 31, 2016 to July 31, 2019 on Defendant's secured claim..

21. The Chapter 13 Trustee disbursed $467.76 from July 31, 2019 to November 27, 2019 on Defendant's unsecured claim.

22. Defendant's claim is paid in full. Accordingly, Defendant must tender title to the Vehicle to Plaintiffs.

23. Defendant, however, refuses to tender the title to the Vehicle to the Debtors despite Debtors' multiple attempts to urge them to do so.

### CLAIMS FOR RELIEF

#### COUNT I:
#### Violation of Illinois Vehicle Code (625 ILCS 5/3-205)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. Section 3-205(a) of the Illinois Vehicle Code provides:

Sec. 3-205. Release of security interest.

    (a) Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of the lienholder, he shall execute a release of his security interest, and mail or deliver the certificate and releases to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate.

26. Defendant's failure to execute a release of his or her security interest constitutes a violation of Section 3-205(a) of the Illinois Vehicle Code.

27. "[A] lienholder who fails to execute a release of his or her security interest or who fails to mail or deliver the certificate and release within the time limit provided is liable to the person or entity that was supposed to receive the release or certificate for $150.00 plus reasonable attorney fees and court costs." 625 ILCS 5/3-205(c).

WHEREFORE, Plaintiffs request the following relief:

a. find that Defendant willfully violated 625 ILCS 5/3-205(a);

b. compel Defendant to execute a release of his or her security interest in the Vehicle;

c. award $150.00 in damages plus reasonable and attorneys' fees and court costs; and

d. award any other relief deemed appropriate and equitable.

## COUNT II:
### Violation of Confirmed Chapter 13 Plan (11 U.S.C. § 105(a))

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Section 1327(a) of the Bankruptcy Code provides, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

30. The confirmed Chapter 13 Plan requires Defendant to tender the title to the Vehicle to the Plaintiffs upon completion of Plaintiffs' plan payments.

31. Defendant's failure to execute a release of its security interest constitutes a willful violation of the confirmed Chapter 13 Plan.

WHEREFORE, Plaintiffs request the following relief:

a. find that Defendant willfully violated Plaintiffs' confirmed Chapter 13 Plan;

b. compel Defendant's performance as provided for under Plaintiffs' confirmed Chapter 13 Plan

c. award actual, and punitive damages, and costs and attorneys' fees; and

d. award any other relief deemed appropriate and equitable.

DATED: August 17, 2020                    Respectfully submitted,

                                          **LAWRENCE T. MASICLAT and
                                          MYLENE MASICLAT**

                                          By: */s/ Joseph S. Davidson*

                                          Mohammed O. Badwan
                                          Joseph S. Davidson
                                          Victor T. Metroff
                                          SULAIMAN LAW GROUP, LTD.
                                          2500 South Highland Avenue
                                          Suite 200
                                          Lombard, Illinois 60148
                                          +1 630-575-8181
                                          mbadwan@sulaimanlaw.com
                                          jdavidson@sulaimanlaw.com
                                          vmetroff@sulaimanlaw.com